Lisa M. Freeman, Esq. (State Bar No. 258549)
lisa@dapeer.com
**DAPEER LAW, P.A.**
11500 W Olympic Blvd, Suite 550
Los Angeles, CA 90064
Telephone: (323) 701-0508

*Attorney for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**PETER KEYSER**, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

**JRK PROPERTY HOLDINGS, INC.**

Defendant.

Case No. ________________

**CLASS ACTION COMPLAINT**
**1. Negligence**
**2. Negligence *per se***
**3. Breach of Third-Party Beneficiary Contract**
**4. Breach of Implied Contract**
**5. Invasion of Privacy**
**6. Breach of Fiduciary Duty**
**7. Unjust Enrichment**

**DEMAND FOR JURY TRIAL**

Plaintiff Peter Keyser ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following Class Action Complaint (the "Action") against Defendant JRK Property Holdings, Inc. ("Defendant") upon personal knowledge as to himself and his own actions, and upon information and belief, including the investigation of counsel as follows:

## I. INTRODUCTION

1. Plaintiff seeks monetary damages and injunctive and declaratory relief arising from Defendant's failure to safeguard the Personally Identifiable Information[1] ("PII" or "Private Information") of Plaintiff and Class members, which resulted in unauthorized access to its information systems on or around March 26, 2026, and the compromised and unauthorized disclosure of that Private Information, causing widespread injury and damages to Plaintiff and the proposed (defined below) members.

2. Defendant, JRK Property Holdings, Inc., is a privately owned real estate investment company that operates a portfolio totaling more than $15 billion of multifamily and hotel assets spanning 30 states and over 80,000 units[2].

---

[1] The Federal Trade Commission ("FTC") defines "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number." 16 C.F.R. § 603.2(b). To be clear, according to Defendant, not every type of information included in that definition was compromised in the subject data breach.

[2] https://jrk.com/about-us/ (last accessed August 5, 2026)

3. As explained in detail herein, Defendant detected unusual activity in its computer systems on or about March 26, 2026, and, following an investigation that concluded on or about June 28, 2026, determined that an unauthorized third party accessed its network and obtained certain files from its systems ("Data Breach").[3]

4. As a result of the Data Breach, which Defendant failed to prevent, the Private Information of Plaintiff and the proposed Class members, was stolen, including their names, dates of birth, and Social Security numbers.[4]

5. Defendant's investigation concluded that the Private Information compromised in the Data Breach included Plaintiff's and other Class Members' information.

6. Defendant's failure to safeguard Plaintiff and Class Members' highly sensitive Private Information as exposed and unauthorizedly disclosed in the Data Breach violates their common law duties and Defendant's implied contract with Plaintiff and Class Members to safeguard their Private Information.

7. Plaintiff and Class members now face a lifetime risk of identity theft due to the nature of the information lost, which they cannot change, and which cannot be made private again.

---

[3] Notice of Data Breach Letter attached hereto as **Exhibit A**.
[4] *Id.*

8. Defendant's harmful conduct has injured Plaintiff and Class members in multiple ways, including: (i) the lost or diminished value of their Private Information; (ii) costs associated with the prevention, detection, and recovery from identity theft, tax fraud, and other unauthorized use of their data; (iii) lost opportunity costs to mitigate the Data Breach's consequences, including lost time; and (iv) emotional distress associated with the loss of control over their highly sensitive Private Information.

9. Defendant's failure to protect Plaintiff and Class Members' Private Information has harmed and will continue to harm thousands of individuals, causing Plaintiff to seek relief on a class wide basis.

10. On behalf of himself and the Class preliminarily defined below, Plaintiff brings causes of action against Defendant for negligence, negligence *per se*, breach of third-party beneficiary contract, breach of implied contract, invasion of privacy, breach of fiduciary duty, and unjust enrichment, seeking an award of monetary damages and injunctive and declaratory relief, resulting from Defendant's failure to adequately protect their highly sensitive Private Information.

## II. JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members

is over 100, and Class members, including Plaintiff are citizens of a state different from Defendant's state of citizenship. Defendant is a citizen of California, where it is incorporated and maintains its principal place of business, while members of the proposed Nationwide Class reside in and are citizens of states other than California. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

12. This Court has personal jurisdiction over Defendant, because it maintains its headquarters and principal place of business in Los Angeles, California, within this District, and does a significant amount of business in California.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District, where it maintains its principal place of business, and a substantial part of the events giving rise to this action occurred in this District.

## III. PARTIES

14. Plaintiff is an individual citizen of Tennessee and learned of the Data Breach after receiving a Notice of Data Breach letter dated on or about July 24, 2026. Plaintiff entrusted his Private Information to Defendant, and Defendant maintained that information on its systems at the time of the Data Breach.

15. Defendant JRK Property Holdings, Inc. is a corporation organized under the laws of California with its headquarters and principal place of business at

11766 Wilshire Blvd., Suite 1500, Los Angeles, CA 90025.

## IV. FACTUAL ALLEGATIONS

16. At the time of the Data Breach, Defendant maintained Plaintiff's and the Class members PII in its database and systems.

17. By obtaining, collecting, and storing Plaintiff's and Class members' PII, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII from disclosure.

18. Plaintiff and Class members relied on Defendant to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

19. Defendant had a duty to adopt reasonable measures to protect Plaintiff's and Class members' PII from involuntary disclosure to third parties.

20. Prior to the Data Breach, Defendant should have (i) encrypted or tokenized the sensitive PII of Plaintiff and the Class members, (ii) deleted such PII that it no longer had reason to maintain, (iii) eliminated the potential accessibility of the PII from the internet and its website where such accessibility was not justified, and (iv) otherwise reviewed and improved the security of its network system that contained the PII.

21. Prior to the Data Breach, on information and belief, Defendant did not (i) encrypt or tokenize the sensitive PII of Plaintiff and the Class members, (ii) delete such PII that it no longer had reason to maintain, (iii) eliminate the potential accessibility of the PII from the internet and its website where such accessibility was not justified, and (iv) otherwise review and improve the security of its network system that contained the PII.

22. On approximately March 26, 2026, an intruder gained unauthorized access to Defendant's database.

23. On or about July 24, 2026, Defendant mailed Plaintiff and the Class members a form notice attempting to minimize the Data Breach, while admitting that sensitive PII had been compromised and stolen.

24. Contrary to the self-serving narrative in Defendant's form notice, Plaintiff's and Class members' unencrypted information may end up for sale on the dark web and/or fall into the hands of companies that will use the detailed PII for targeted marketing without their approval.

25. Defendant failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information it was maintaining for Plaintiff and the Class members.

26. Plaintiff and the Class members have taken reasonable steps to maintain the confidentiality of their PII, relied on Defendant to keep their PII

confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

27. Defendant could have prevented the Data Breach by properly securing and encrypting Plaintiff's and Class members' PII, or Defendant could have destroyed the data, especially old data from former inquiries and/or customers that Defendant had no legal right or responsibility to retain.

28. Defendant's negligence in safeguarding Plaintiff's and the Class members' PII is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data, especially in the real estate and property management industry.

29. Despite the prevalence of public announcements and knowledge of data breach and data security compromises, Defendant failed to take appropriate steps to protect the PII of Plaintiff and the Class members from being compromised.

30. The ramifications of Defendant's failure to keep secure Plaintiff's and the Class members' PII are long lasting and severe. Once PII is stolen, particularly Social Security numbers, fraudulent use of that information and damage to victims may continue for years.

31. Social Security numbers, for example, are among the most sensitive kind of personal information to have stolen because they may be put to a variety of

fraudulent uses and are difficult for an individual to change.

32. Even more problematic, it is no easy task to change or cancel a stolen Social Security number. An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. In other words, preventive action to defend against the possibility of misuse of a Social Security number is not permitted; an individual must show evidence of actual, ongoing fraud activity to obtain a new number.

33. The PII of Plaintiff and the Class Members was stolen to engage in identity theft and/or to sell it to criminals who will purchase the PII for that purpose.

34. Moreover, there may be a time lag between when harm occurs versus when it is discovered, and also between when PII is stolen and when it is used.

35. At all relevant times, Defendant knew, or reasonably should have known, of the importance of safeguarding Plaintiff's and the Class members' PII, and of the foreseeable consequences that would occur if Defendant's data security system was breached, including, specifically, the significant costs that would be imposed on Plaintiff and the Class members as a result of a breach.

36. Plaintiff and Class members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and Class members are incurring and will continue to incur such damages in addition to

any fraudulent use of their PII.

37. Defendant was, or should have been, fully aware of the unique type and the significant volume of data on Defendant's network, potentially amounting to tens of thousands of individuals' detailed and confidential personal information and thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data.

38. The injuries to Plaintiff and the Class members were directly and proximately caused by Defendant's failure to implement or maintain adequate data security measures for the Plaintiff's and the Class members' PII.

39. Plaintiff has suffered and will continue to suffer a substantial risk of imminent identity and financial fraud and theft; emotional anguish and distress resulting from the Data Breach, including emotional distress about the years of identity-fraud risk Plaintiff faces; and increased time spent reviewing financial statements and credit reports to determine whether there has been fraudulent activity on any of his accounts.

40. Plaintiff has a continuing interest in ensuring that his PII, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

## V. CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), on behalf of a class defined as:

> **Nationwide**: All individuals whose PII was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach (the "Class").

42. Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

43. Plaintiff reserves the right to amend the definition of the Class or add a Class or Subclass if further information and discovery indicate that the definition of the Class should be narrowed, expanded, or otherwise modified.

44. **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of individuals had their PII compromised in this Data Breach. The identities of Class Members are ascertainable through Defendant's records, Class Members' records, publication notice, self-identification, and other means.

45. **Commonality**. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class

Members. These common questions of law and fact include, without limitation:

a. Whether and to what extent Defendant had duties to protect the Private Information of Plaintiff and Class members;

b. Whether Defendant had duties not to disclose the Private Information of Plaintiff and Class members to unauthorized third parties;

c. Whether Defendant had duties not to use the Private Information of Plaintiff and Class members for non-business purposes;

d. Whether Defendant failed to adequately safeguard the Private Information of Plaintiff and Class members;

e. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f. Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

g. Whether Plaintiff and Class members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendant's wrongful conduct; and

h. Whether Plaintiff and Class members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

46. **Typicality**. Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was compromised in the Data Breach.

47. This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class members uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

48. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's Counsel is competent and experienced in litigating Class actions, including data privacy litigation of this kind.

49. **Predominance**. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues.

Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

50. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

51. Defendant has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

52. In addition to the common questions of law and fact identified above, further common questions of law and fact include:

a. Whether Defendant owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private

Information;

b. Whether Defendant's security measures to protect their data systems were reasonable in light of best practices recommended by data security experts;

c. Whether Defendant's failure to institute adequate protective security measures amounted to negligence;

d. Whether Defendant's failure to institute adequate protective security measures amounted to breach of an implied contract;

e. Whether Defendant failed to take commercially reasonable steps to safeguard consumer Private Information; and

f. Whether adherence to FTC data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

53. Finally, all members of the proposed Class are readily ascertainable. Defendant has access to Class Members' names and addresses affected by the Data Breach. Class Members have already been preliminarily identified and sent notice of the Data Breach by Defendant.

## VI. CAUSES OF ACTION

**<u>COUNT I</u>**
**NEGLIGENCE**
**(On behalf of Plaintiff and all Class Members)**

54. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

55. Defendant owed duties under common law to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting their Private Information in their possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

56. Defendant's duties to use reasonable care arose from several sources, including but not limited to those described below.

57. Defendant had a common law duty to prevent foreseeable harm to others. This duty existed because Plaintiff and Class Members were the foreseeable and probable victims of any inadequate security practices on the part of Defendant. By collecting and storing Private Information that is routinely targeted by criminals for unauthorized access, Defendant was obligated to act with reasonable care to protect against these foreseeable threats.

58. Defendant's duty also arose from Defendant's position as an owner and operator of residential real estate that collects and maintains sensitive personal information from residents, applicants, and other individuals. Defendant holds itself out as a trusted custodian of such data and thereby assumes a duty to reasonably protect that information. Indeed, Defendant, as a direct data collector,

was in a unique and superior position to protect against the harm suffered by Plaintiff and Class Members as a result of the Data Breach.

59. Defendant breached the duties owed to Plaintiff and Class Members and thus was negligent. Defendant breached these duties by, among other things: (a) mismanaging their systems and failing to identify reasonably foreseeable internal and external risks to the security, confidentiality, and integrity of customer information that resulted in the unauthorized access and compromise of PII; (b) mishandling their data security by failing to assess the sufficiency of the safeguards in place to control these risks; (c) failing to design and implement information safeguards to control these risks; (d) failing to adequately test and monitor the effectiveness of the safeguards' key controls, systems, and procedures; (e) failing to evaluate and adjust their information security program in light of the circumstances alleged herein; (f) failing to detect the breach at the time it began or within a reasonable time thereafter; and (g) failing to follow their own privacy policies and practices published to their clients.

60. But for Defendant's wrongful and negligent breach of their duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

61. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered injuries, including:

a. Theft of their Private Information;

b. Costs associated with the detection and prevention of identity theft and unauthorized use of the financial accounts;

c. Costs associated with purchasing credit monitoring and identity theft protection services;

d. Lowered credit scores resulting from credit inquiries following fraudulent activities;

e. Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach – including finding fraudulent charges, cancelling and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, and imposing withdrawal and purchase limits on compromised accounts;

f. The imminent and certainly impending injury flowing from the increased risk of potential fraud and identity theft posed by their PII being placed in the hands of criminals;

g. Damages to and diminution in value of their Private Information entrusted, directly or indirectly, to Defendant with the mutual understanding that Defendant would safeguard Plaintiff's and Class

Members' data against theft and not allow access and misuse of their data by others;

h. Continued risk of exposure to hackers and thieves of their Private Information, which remains in Defendant's possession and is subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' data;

i. The erosion of the essential and confidential relationship between Defendant—as a housing provider entrusted with sensitive personal information—and Plaintiff and Class members; and

j. Loss of personal time spent carefully reviewing statements from financial accounts to check for unauthorized charges and/or access.

62. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

**COUNT TWO**
**NEGLIGENCE *PER SE***
**(On behalf of Plaintiff and all Class Members)**

63. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

64. Pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45, Defendant has duties to provide fair and adequate computer systems and data

security practices to safeguard Plaintiff's and Class members' Private Information.

65. Defendant breached their duties to Plaintiff and Class members under the FTC Act by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and Class members' Private Information.

66. Defendant's failure to comply with applicable laws and regulations constitutes negligence *per se.*

67. The injuries to Plaintiff and Class members resulting from the Data Breach were directly and indirectly caused by Defendant's violation of the statutes described herein.

68. Plaintiff and Class members were within the class of persons the Federal Trade Commission Act was intended to protect, and the type of harm that resulted from the Data Breach was the type of harm this statute was intended to guard against.

69. But for Defendant's wrongful and negligent breach of their duties owed to Plaintiff and Class members, Plaintiff and Class members would not have been injured.

70. The injuries and harms suffered by Plaintiff and Class members were the reasonably foreseeable result of Defendant's breach of their duties. Defendant knew or should have known that they were failing to meet their duties and that

Defendant's breach would cause Plaintiff and Class members to experience the foreseeable harms associated with the exposure of their Private Information.

71. As a direct and proximate result of Defendant's negligent conduct, Plaintiff and Class members have suffered injuries and are entitled to compensatory, consequential, and punitive damages in an amount to be proven at trial.

**COUNT THREE**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**
**(On Behalf of Plaintiff and all Class Members)**

72. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

73. Upon information and belief, Defendant entered into virtually identical contracts with its clients and affiliated property-owning entities to provide property management and/or related services, which included data security practices, procedures, and protocols sufficient to safeguard the Private Information that was to be entrusted to them.

74. Such contracts were made expressly for the benefit of Plaintiff and the Class, as it was their Private Information that Defendant agreed to receive and protect through their services. Thus, the benefit of collection and protection of the Private Information belonging to Plaintiff and the Class was the direct and primary objective of the contracting parties, and Plaintiff and Class Members were direct

and express beneficiaries of such contracts.

75. Defendant knew that if they were to breach these contracts with its clients, Plaintiff and the Class would be harmed.

76. Defendant breached its contracts with its clients and, as a result, Plaintiff and Class Members were affected by this Data Breach when Defendant failed to use reasonable data security and/or business associate monitoring measures that could have prevented the Data Breach.

77. As foreseen, Plaintiff and the Class were harmed by Defendant's failure to use reasonable data security measures to securely store and protect the files in their care, including but not limited to, the continuous and substantial risk of harm through the loss of their Private Information.

78. Accordingly, Plaintiff and the Class are entitled to damages in an amount to be determined at trial, along with costs and attorneys' fees incurred in this action.

## COUNT FOUR
## BREACH OF IMPLIED CONTRACT
## (On behalf of Plaintiff and all Class Members)

79. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

80. Defendant offered to provide housing and/or related services to Plaintiff and Class members, in exchange for payment.

81. Plaintiff and Class members were required to provide their Private Information to the Defendant to receive benefits.

82. In turn, Defendant impliedly promised to protect Plaintiff's and Class members' Private Information through adequate data security measures.

83. Plaintiff and Class members would not have otherwise entrusted their Private Information to Defendant.

84. Defendant materially breached its agreement(s) with Plaintiff and Class members by failing to safeguard such Private Information, violating industry standards necessarily incorporated in the agreement.

85. Plaintiff and Class members have performed under the relevant agreements, or such performance was waived by the conduct of Defendant.

86. The covenant of good faith and fair dealing is an element of every contract. All such contracts impose on each party a duty of good faith and fair dealing. The parties must act with honesty in fact in the conduct or transactions concerned. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract along with its form.

87. Defendant's conduct as alleged herein also violated the implied covenant of good faith and fair dealing inherent in every contract.

88. The losses and damages Plaintiff and Class members sustained as described herein were the direct and proximate result of Defendant's breaches of the implied contracts with them, including breach of the implied covenant of good faith and fair dealing.

**COUNT FIVE**
**Invasion of Privacy**
**(On behalf of the Plaintiff and all Class Members)**

89. Plaintiff repeats and re-alleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

90. Plaintiff and Class Members had a legitimate expectation of privacy regarding their PII and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

91. Defendant owed duties to Plaintiff and Class Members to keep their PII confidential.

92. The unauthorized disclosure and/or acquisition (*i.e.,* theft) by a third party of Plaintiff's and Class Members' Personal Information is highly offensive to a reasonable person.

93. Defendant's reckless and negligent failure to protect Plaintiff's and Class Members' PII constitutes an intentional interference with Plaintiff's and the

Class Members' interest in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

94. Defendant acted with a knowing state of mind when it permitted the Data Breach because it knew its information security practices were inadequate.

95. Defendant knowingly did not notify Plaintiff and Class Members in a timely fashion about the Data Breach.

96. Because Defendant failed to properly safeguard Plaintiff's and Class Members' Personal Information, Defendant had notice and knew that their inadequate cybersecurity practices would cause injury to Plaintiff and the Class.

97. As a proximate result of Defendant's acts and omissions, the private and sensitive Personal Information of Plaintiff and the Class Members was stolen by a third party and is now available for disclosure and redisclosure without authorization, causing Plaintiff and the Class to suffer damages.

98. Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and the Class since their Personal Information is still maintained by Defendant with their inadequate cybersecurity system and policies.

99. Plaintiff and Class Members have no adequate remedy at law for the injuries relating to Defendant's continued possession of their sensitive and confidential records. A judgment for monetary damages will not end Defendant's

inability to safeguard the Personal Information of Plaintiff and the Class.

100. Plaintiff, on behalf of himself and Class Members, seeks injunctive relief to enjoin Defendant from further intruding into the privacy and confidentiality of Plaintiff's and Class Members' Personal Information.

101. Plaintiff, on behalf of himself and Class Members, seeks compensatory damages for Defendant's invasion of privacy, which includes the value of the privacy interest invaded by Defendant, the costs of future monitoring of their credit history for identity theft and fraud, plus prejudgment interest, and costs.

**COUNT SIX**
**BREACH OF FIDUCIARY DUTY**
**(On behalf of Plaintiff and all Class Members)**

102. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

103. Plaintiff and the other Class members gave Defendant their Personal Information believing that Defendant would protect that information. Plaintiff and the other Class members would not have provided Defendant with this information had they known it would not be adequately protected. Defendant's acceptance and storage of Plaintiff's and the other Class members' Personal Information created a fiduciary relationship between Defendant on the one hand, and Plaintiff and the other Class members, on the other hand. In light of this relationship, Defendant

must act primarily for the benefit of their clients, which includes safeguarding and protecting Plaintiff's and the other Class members' Personal Information.

104. Due to the nature of the relationship between Defendant and Plaintiff and the other Class members, Plaintiff and the other Class members were entirely reliant upon Defendant to ensure that their Personal Information was adequately protected. Plaintiff and the other Class members had no way of verifying or influencing the nature and extent of Defendant or their vendors' data security policies and practices, and Defendant were in an exclusive position to guard against the Data Breach.

105. Defendant has fiduciary duties to act for the benefit of Plaintiff and the other Class members upon matters within the scope of their relationship. They breached that duty by contracting with companies that failed to properly protect the integrity of the systems containing Plaintiff's and the other Class members' Personal Information, failing to properly protect the integrity of their systems containing Plaintiff's and the other Class members' Personal Information, failing to comply with the data security guidelines set forth by the FTC Act, and otherwise failing to safeguard Plaintiff's and the other Class members' Personal Information that they collected.

106. As a direct and proximate result of Defendant's breach of its fiduciary duties, Plaintiff and the other Class members have suffered and will suffer injury,

including, but not limited to: (i) a substantial increase in the likelihood of identity theft; (ii) the compromise, publication, and theft of their Personal Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their Personal Information; (iv) lost opportunity costs associated with effort attempting to mitigate the actual and future consequences of the Data Breach; (v) the continued risk to their Personal Information which remains in Defendant's possession; (vi) future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the Personal Information compromised as a result of the Data breach; (vii) loss of potential value of their Personal Information; (viii) overpayment for the services that were received without adequate data security.

**COUNT SEVEN**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and all Class Members)**

107. Plaintiff hereby repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

108. Plaintiff brings this claim in the alternative to his breach of third-party beneficiary contract claim above.

109. Plaintiff and Class Members conferred a monetary benefit on Defendant. Specifically, they provided Defendant with their Private Information. In exchange, Defendant should have provided adequate data security for Plaintiff's

and Class Members' Private Information.

110. Defendant knew that Plaintiff and Class Members conferred a benefit on it in the form of their Private Information, which they provided as a necessary part of obtaining housing and/or related services from Defendant. Defendant appreciated and accepted that benefit. Defendant profited from these transactions and used the Private Information of Plaintiff and Class Members for business purposes.

111. Upon information and belief, Defendant funds its data security measures entirely from their general revenue, including payments on behalf of or for the benefit of Plaintiff and Class Members.

112. As such, a portion of the payments made for the benefit of or on behalf of Plaintiff and Class Members is to be used to provide a reasonable level of data security, and the amount of the portion of each payment made that is allocated to data security is known to Defendant.

113. Defendant, however, failed to secure Plaintiff's and Class Members' Private Information and, therefore, did not provide adequate data security in return for the benefit Plaintiff and Class Members provided.

114. Defendant would not be able to carry out an essential function of their regular business without the Private Information of Plaintiff and Class Members and derived revenue by using it for business purposes. Plaintiff and Class Members

expected that Defendant or anyone in Defendant's position would use a portion of that revenue to fund adequate data security practices.

115. Defendant acquired the Private Information through inequitable means in that they failed to disclose the inadequate security practices previously alleged.

116. If Plaintiff and Class Members knew that Defendant had not reasonably secured their Private Information, they would not have allowed their Private Information to be provided to Defendant.

117. Defendant enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' Personal Information. Instead of providing a reasonable level of security that would have prevented the hacking incident, Defendant instead calculated to increase their own profit at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures and diverting those funds to their own profit. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendant's decisions to prioritize their own profits over the requisite security and the safety of their Private Information.

118. Under the principles of equity and good conscience, Defendant should not be permitted to retain the money wrongfully obtained from Plaintiff and Class Members, because Defendant failed to implement appropriate data management

and security measures that are mandated by industry standards.

119. Plaintiff and Class Members have no adequate remedy at law.

120. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) experiencing an increase in spam calls, texts, and/or emails; (viii) statutory damages; (ix) nominal damages; and (x) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information.

121. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm.

122. Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, proceeds that they unjustly received from them. In the alternative, Defendant should be compelled to refund the amounts that Plaintiff and Class Members overpaid for Defendant's services.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and Class members, requests judgment against Defendant and that the Court grants the following:

A. For an order certifying the Class, as defined herein, and appointing Plaintiff and his Counsel to represent the Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Private Information of Plaintiff and Class members, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and Class members;

C. For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members, including but not limited to an order:

i. prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

ii. requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state, or local laws.

iii. requiring Defendant to delete, destroy, and purge the Private Information of Plaintiff and Class members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class members;

iv. requiring Defendant to implement and maintain a comprehensive information security program designed to protect the confidentiality and integrity of the Private Information of Plaintiff and Class members;

v. prohibiting Defendant from maintaining the Private Information of Plaintiff and Class members on a cloud-based database;

vi. requiring Defendant to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks,

penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

vii. requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii. requiring Defendant to audit, test, and train their security personnel regarding any new or modified procedures;

ix. requiring Defendant to segment data by, among other things, creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

x. requiring Defendant to conduct regular database scanning and security checks;

xi. requiring Defendant to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendant's information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and

updated;

xii. requiring Defendant to meaningfully educate all Class members about the threats that they face as a result of the loss of their confidential Private Information to third parties, as well as the steps affected individuals must take to protect themselves; and

xiii. requiring Defendant to implement logging and monitoring programs sufficient to track traffic to and from Defendant's servers; and for a period of 10 years, appointing a qualified and independent third-party assessor to conduct an attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with compliance of the Court's final judgment.

D. For an award of damages, including actual, statutory, nominal, and consequential damages, as allowed by law in an amount to be determined by a jury at trial;

E. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F. For prejudgment interest on all amounts awarded; and

G. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 5, 2026

Respectfully Submitted,

By: /s/ Lisa M. Freeman
Lisa M. Freeman, Esq. (State Bar No. 258549)
lisa@dapeer.com
**DAPEER LAW, P.A.**
11500 W Olympic Blvd, Suite 550
Los Angeles, CA 90064
Telephone: (323) 701-0508

*Attorney for Plaintiff and Proposed Class*